IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE BYRUCH, EXECUTRIX FOR THE ESTATE OF STEPHEN BYRUCH,<br><br>Plaintiff,<br><br>v.<br><br>QUORN FOODS INC.,<br><br>and<br><br>JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Michelle Byruch, in her capacity as executrix for The Estate of Stephen Byruch ("Plaintiff"), by and through her attorneys, Sobol Law Group, P.C., hereby brings this civil matter against Quorn Foods Inc. ("Defendant Quorn") and John Does 1-10 (collectively "Defendants") In support thereof, Plaintiff alleges the following:

## INTRODUCTORY STATEMENT

1. Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*; as well as the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. §§ 333.101 *et. seq.*; and the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 P.S. §§ 260.1 *et. seq.* Plaintiff asserts that Defendants failed to compensate her now-deceased husband, Stephen Byruch ("Mr. Byruch"), proper premium overtime wages for more than two years and failed to implement a system to track the number of hours he worked each week in violation of the FLSA, PMWA, and WPCL.

1

## JURISDICTION AND VENUE

2. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* because the claims herein arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claim.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants purposefully directed their activities at a resident of this state and judicial district and this litigation resulted from alleged injuries and/or conduct that arise out of or relate to those activities.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district and Defendants are subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein,

7. Plaintiff, Michelle Byruch, is an adult individual residing in Philadelphia, Pennsylvania and is the executrix for The Estate of Stephen Byruch.

8. Stephen Byruch was an adult individual who resided in Philadelphia, Pennsylvania and was a former non-exempt, hourly employee of Defendants.

9. Upon information and belief, Quorn Foods Inc. ("Defendant Quorn") is a U.S. subsidiary of a corporation headquartered in the United Kingdom, organized under the laws of the

State of Illinois and incorporated in the State of Delaware and maintains a principal place of business at 213 W. Institute Place, Suite 500, Chicago, Illinois 60610.

10. According to its website, Defendant Quorn is an international brand dedicated to helping food service professionals expand menus with a delicious and proven meat alternative.

11. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendant Quorn which resulted in its failure to properly compensate Mr. Byruch pursuant to the FLSA.

12. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll as it relates to Mr. Byruch.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Defendant Quorn offered Mr. Byruch a contract position as a Food Service Business Manager in June 2019 with the following terms:

   a. Mr. Byruch was to earn fifty dollars ($50.00) per hour.

   b. Mr. Byruch was eligible to participate in an incentive sales plan with the potential to earn a discretionary bonus of up to $7,500.00.

   c. Mr. Byruch was expected to work forty (40) hours per week, Monday through Friday.

   d. Mr. Byruch's position required him to work out of his home, as well as travel to other locations from time to time.

15. Mr. Byruch assented to a contractor agreement ("the Agreement") to work for

Defendant Quorn from June 20, 2019 through December 31, 2020.

16. The Agreement stipulated that Mr. Byruch complete timesheets documenting the work he performed as a condition of Defendants' obligation to pay him.

17. As a condition of the Agreement, Mr. Byruch had to agree to a non-solicitation agreement, which prohibited him from soliciting, inducing, or offering Defendant Quorn's employees employment or other similar opportunities without its prior written consent for one year from the date of his termination.

18. During the time he worked for Defendant Quorn, Mr. Byruch was given a company email address.

19. Defendants routinely reimbursed Mr. Byruch for travel expenses incurred in furtherance of Defendant Quorn's business.

20. Defendant Quorn supplied Mr. Byruch with company apparel, which he proudly and routinely wore at industry events.

21. Mr. Byruch traveled to company-wide meetings attended by other employees of Defendant Quorn.

22. Mr. Byruch fostered meaningful relationships with his co-workers, with one particular co-worker stating that he "knew him for two-and-a-half years and I knew him for my whole life."

23. According to that same co-worker, "there wasn't a prouder Quorn employee anywhere."

24. As a Food Service Business Manager, Mr. Byruch helped drive revenue through marketing campaigns for Quorn's line of vegetarian and vegan nuggets, grounds, and pieces with a strategic focus on potential clients with a heavy interest in plant-based foods.

25. Mr. Byruch's primary duties included developing marketing plans, pioneering sales processes, engaging in product development, providing food samples, obtaining client feedback, cultivating relationships with third party brokers, and establishing contacts with advertisers.

26. During the time he worked for Defendant Quorn, Mr. Byruch operated out of his Pennsylvania home.

27. In June 2021, Defendants renewed Mr. Byruch's contract, increasing his hourly rate to sixty-five dollars ($65.00) per hour and implementing a new bonus structure with increased payouts tied to company profitability.

28. Despite the expectation that he would work 40 hours per week Monday through Friday, Mr. Byruch in fact worked approximately 55 hours per week, including sometimes on weekends, in addition to his regular Monday through Friday schedule.

29. Defendants encouraged Mr. Byruch to misrepresent the number of hours he worked by instructing him to complete his timesheets as if he worked 40 hours per week.

30. Mr. Byruch's position is not exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207 *et seq.* and under the PMWA, 43 P.S. § 333.101 *et seq.* as he was, *inter alia*, paid on an hourly basis.

31. Mr. Byruch worked for Defendants as a non-exempt employee within the meaning of the FLSA, PMWA, and WPCL during the statutory periods for bringing a cause of action under the terms of those acts.

32. Defendants failed to compensate Mr. Byruch at a rate of one and one-half times his regular rate of pay for each hour worked in excess of 40 hours per week.

33. Pursuant to 29 C.F.R. Part 516, Defendants were required to possess and maintain Mr. Byruch's time sheets and other accurate records related to their employees' hours worked.

34. Defendants maintained a uniform pattern, practice, and/or policy of willfully failing to compensate Mr. Byruch the legally required amount of overtime wages in an amount required by law and on a timely basis in violation of the FLSA, PMWA, and the WPCL.

35. Defendants have thus intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, PMWA, and WPCL with respect to Mr. Byruch. This pattern, practice, and/or policy includes, but is not limited to, willfully failing to compensate Mr. Byruch overtime wages of one-and-a-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

36. Moreover, Defendants failed to implement a system to accurately track the number of hours Mr. Byruch worked each week.

37. Upon information and belief, Defendants engaged in this unlawful conduct described in this Complaint pursuant to a corporate policy or practice designed to minimize labor costs by violating the FLSA, PMWA, and the WPCL.

38. Defendants' failure to comply with the FLSA, PMWA, and the WPCL was willful and caused Mr. Byruch to suffer lost wages and interest thereon.

## COUNT I
### Fair Labor Standards Act ("FLSA")
**(Failure to Pay Overtime Compensation)**

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. At all times relevant herein, Defendants were an "employer" within the meaning of the FLSA.

41. The FLSA requires, pursuant to 29 U.S.C. § 207, that non-exempt employees be compensated at one-and-a-half times their regular rate of pay for all hours worked in excess of 40

hours per week.

42. Mr. Byruch, by virtue of his position and Defendants' payment of wages on an hourly basis, was a non-exempt employee.

43. Defendants' failure to pay Mr. Byruch the overtime compensation to which he was entitled is a violation of the FLSA.

44. As a result of Defendants' violation of the FLSA, there is now a sum due and owing from them in an amount to be determined at trial.

45. Defendants' violation of the FLSA was willful.

46. As a result of Defendants' violation of the FLSA, Plaintiff, in her capacity as the executrix of The Estate of Stephen Byruch, is entitled to all wages due and owing, an equal amount as liquidated damages, her costs, and her reasonable attorneys' fees, all in an amount to be determined at trial  See 29 U.S.C. § 216.

## COUNT II
### Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Compensation)**

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. At all relevant times herein, Defendants were an "employer" within the meaning of the PMWA.

49. The PMWA requires, pursuant to 43 P.S. § 333.104, that non-exempt employees be compensated at one-and-a-half times their regular hourly rate of pay for all hours worked in excess of 40 hours per week.

50. Mr. Byruch, by virtue of his position and Defendants' payment of wages on an hourly basis, was a non-exempt employee within the meaning of the PMWA.

51. Defendants' failure to pay Mr. Byruch the overtime compensation to which he was entitled is a violation of the PMWA.

52. As a result of Defendants' violation of the PMWA, there is now a sum due and owing from them in an amount to be determined at trial.

53. Defendants' violation of the PMWA was willful.

54. As a result of Defendants' violation of the PMWA, Plaintiff, in her capacity as the executrix of The Estate of Stephen Byruch, is entitled to all wages due and owing, her costs, and her reasonable attorneys' fees, all in an amount to be determined at trial See 43 P.S. § 333.113.

## COUNT III
### Pennsylvania Wage Payment and Collection Law ("WPCL")
(Failure to Pay All Wages Due)

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. At all times relevant herein, Defendants were an "employer" within the meaning of the WPCL.

57. Pursuant to the WPCL, every employer shall pay all wages, other than fringe benefits and wage supplements, due to its employees on regular paydays designated in advance by the employer.

58. By repeatedly and unjustifiably failing to pay Mr. Byruch the wages owed to him as alleged herein, Defendants have violated the WPCL.

59. Pursuant to the WPCL, any employee to whom any type of wage is payable may institute an action under the WPCL to recover unpaid wages, fringe benefits, and liquidated damages, as well as costs and reasonable attorneys' fees, in any court of competent jurisdiction for and on behalf of herself. See 43 P.S. §§ 260.9a, 260.10.

60. Defendants are thus liable to Plaintiff, in her capacity as the executrix of The Estate of Stephen Byruch, for all wages owed, fringe benefits, liquidated damages, as well as her costs, and reasonable attorneys' fees. See 43 P.S. §§ 260.9a, 260.10.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant her the following relief against Defendants:

a. An injunction requiring Defendants to cease its unlawful practices under, and comply with, the FLSA, PMWA, and WPCL;

b. An award of overtime wages for all hours worked in excess of 40 in a workweek at a rate of one-and-a-half the regular rate of pay due under the FLSA and the PMWA;

c. An award of liquidated damages and/or punitive damages as a result of Defendants' willful violation of the FLSA pursuant to 29 U.S.C. § 216 and/or Pennsylvania law;

d. An award of damages representing the cost of employee benefits withheld from Mr. Byruch when Defendants misclassified him as an independent contractor.

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' fees and costs; and

h. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

/s/ *signature*

Martin J. Sobol, Esquire (BAR I.D. 18709)
David M. Eisen, Esquire (BAR I.D. 324065)
**Sobol Law Group, P.C.**
1845 Walnut Street, 23rd Floor
Philadelphia, PA 19103
Tel.   (215) 988-0100
Fax    (215) 988-0193
msobol@sobollaw.com
deisen@sobollaw.com

Counsel for Plaintiff,
Michelle Byruch, Executrix for
The Estate of Stephen Byruch

DATED:   April 25, 2022

## DEMAND TO PRESERVE EVIDENCE

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Mr. Byruch's employment, Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages, any and all social media or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, TikTok, etc.) and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.