IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| **MICHELLE BYRUCH, EXECUTRIX FOR THE ESTATE OF STEPHEN BYRUCH AND RICK GUINEY**<br><br>*Plaintiffs,*<br>v.<br><br>**QUORN FOODS INC.**<br><br>and<br><br>**JOHN DOES 1-10,**<br><br>*Defendants.* | **Civil Action No. 2:22-cv-01594** |

## ORDER

**AND NOW**, this 30th day of August 2022, upon consideration of the parties' Motion for Entry of Confidentiality Order, it is hereby ORDERED that the Motion for Entry of Confidentiality Order is GRANTED and the Confidentiality Order, attached hereto, is **APPROVED**.

BY THE COURT:

/s/ Gerald Austin McHugh
Hon. Gerald A. McHugh
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| **MICHELLE BYRUCH, EXECUTRIX FOR THE ESTATE OF STEPHEN BYRUCH AND RICK GUINEY**<br><br>*Plaintiffs,*<br>v.<br><br>**QUORN FOODS INC.**<br><br>and<br><br>**JOHN DOES 1-10,**<br><br>*Defendants.* | **Civil Action No. 2:22-cv-01594** |

### **CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order ("Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, documents disclosed in connection with this action, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information, as that term is defined below. This Order is subject to the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means: (a) information protected from disclosure by statute; (b) trade secrets; (c) research, development, or commercial information that the party has maintained as confidential; (d) medical information concerning any individual; or (e) personal identifying information,

including but not limited to dates of birth and Social Security numbers. Information or documents that are available to the public may not be designated as Confidential Information.

**3. Designation.**

**(a)** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

**(b)** A party may designate a document as Confidential Information only after review of the document by an attorney who has in good faith determined that the document contains Confidential Information as defined in this Order.

**4. Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential

Information for a period of fourteen (14) days after the conclusion of the deposition. No later than the fourteenth day after the conclusion of the deposition, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected according to the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information.

**5. Protection of Confidential Material.**

**(a) General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action or actions deriving from the same nucleus of operative fact, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

> (1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;
>
> (2) **Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;
>
> (3) The Court and its personnel;

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(5) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

(6) **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and,

(7) **Witnesses at Depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall

maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

      **6. Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated *this* Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

      **7. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of announcement under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with any and all appropriate orders of the Court. A party must obtain prior court approval by motion in order to file under seal any document designated as Confidential Information. After approval to file under seal is obtained, the party shall (a) file the relevant document under seal and (b) file electronically at the same time a public-record version of the document with the Confidential Information excluded. Any document filed under seal without obtaining prior court approval may be stricken by the Court without notice. At the hearing on the sealing motion, the party that designated the document as Confidential

Information has the burden of demonstrating the need for sealing. Any document served on another party and any paper courtesy copy provided to the Court shall be a complete, unredacted version.

**8. No Greater Protection of Specific Documents.** No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly in writing and then verbally with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge in writing within fourteen (14) days of first being notified in writing of the issue by the challenging party.

**(b) Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court.**

**(a)** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**(b)** The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this order or to modify this order at any time in the interest of justice.

11. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

**(b)** The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

**(c)** The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Obligations upon Conclusion of Litigation.**

**(a)** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in 3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to

the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**(c) Deletion of Documents Filed under Seal from ECF System.** Filings under seal shall be deleted from the ECF system only upon order of the Court. After the case is closed in this District Court, a party may obtain the return of any sealed or restricted documents by filing a motion within sixty (60) days after the closing of the case. Any documents that are not withdraw from the record will become part of the public case file.

**14. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**15. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**16. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**17. Inadvertent Disclosure of Privileged Information.**

**(a) No Waiver by Disclosure.** This Order is entered pursuant to Rules 502(d) and 502(e) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information, regardless of the circumstances of disclosure, in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege, work product protection, or other protection or immunity from discovery ("Protected Information"), the disclosure of that Protected Information shall not constitute or be deemed a waiver or forfeiture in this or any other action, of any claim of privilege, work product protection, or other protection or immunity from discovery that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

**(b) Notification Requirements; Best Efforts of Receiving Party.** A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party") that it has disclosed Protected Information. The notice must be in writing and must identify the Protected Information with reasonable specificity (for example, by Bates label number). Upon such notification, the Receiving Party must, unless it contests the claim of attorney-client privilege, work product protection or other protection or immunity from discovery ("Claim of Protection") in accordance with paragraph (c) within seven (7) days of receiving notice (i) notify the Disclosing Party in writing that it will make best efforts to identify and return, sequester or destroy ( or in the case of electronically stored information, delete) the

Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. If the Receiving Party becomes aware that it may have received Protected Information from the Disclosing Party, it must, even if the Disclosing Party has not notified the Receiving Party of the disclosure, promptly notify the Disclosing Party of the disclosure. The notice must be in writing, and must identify the Protected Information with reasonable specificity (for example, by Bates label number). The Receiving Party must make this disclosure, even if it intends to contest the Claim of Protection under paragraph (c). If the Receiving Party does not contest the Claim of Protection, it must, within seven (7) days of sending the notice to the Disclosing Party (i) notify the Disclosing Party in writing that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information.

**(c) Contesting Claim of Protection.** If the Receiving Party contests the Claim of Protection, the Receiving Party must, within seven (7) days of receiving or sending a notice of disclosure, move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal, and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

**(d) Stipulated Time Periods.** The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

**(e) Attorney's Ethical Responsibilities.** Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

**(f) Burden of Proving Privilege or Work-Product Protection.** The Disclosing Party retains the burden, upon challenge pursuant to paragraph (c), of establishing the privileged or protected nature of the Protected Information.

**(g) In Camera Review.** Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information.

**(h) Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**(i) Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**So Ordered.**

Dated: ___8/30/22_____

/s/ Gerald Austin McHugh
Hon. Gerald A. McHugh
United Stated District Judge

4860-6322-7440.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF EASTERN PENNSYLVANIA

| | |
|---|---|
| **MICHELLE BYRUCH, EXECUTRIX FOR THE ESTATE OF STEPHEN BYRUCH AND RICK GUINEY**<br><br>*Plaintiffs,*<br>v.<br><br>**QUORN FOODS INC.**<br><br>and<br><br>**JOHN DOES 1-10,**<br><br>*Defendants.* | **Civil Action No. 2:22-cv-01594** |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

Signature: _____